# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MALDONADO, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-02039-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY<br><br>(ECF Nos. 33, 35, 40, 43)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER<br><br>(ECF Nos. 38, 39)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT AND STRIKING FIRST AMENDED COMPLAINT<br><br>(ECF Nos. 36, 37, 41, 42)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO STAY MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 49, 50)<br><br>THIRTY DAY DEADLINE |

///
///
///
///

1

# I.

# RELEVANT BACKGROUND

Plaintiff Jeremiah D. Vickers is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This action is proceeding on Plaintiff's claims of excessive force against Sgt. Maldonado, Deputy Baillie, Deputy Sanchez, Deputy Gomez, Deputy Murphey, Deputy Heiden, and Deputy Rodriguez.[1] (ECF No. 13.) On February 5, 2016 the discovery and scheduling order issued. (ECF No. 21.)

On July 25, 2016, Plaintiff filed a motion to compel discovery in this action. (ECF No. 33.) On July 27, 2016, the scheduling order was amended to extend the deadline to file amendments to the complaint. (ECF No. 34.) Defendants filed an opposition to the motion to compel on August 19, 2016. (ECF No. 35.)

On September 9, 2016, Plaintiff filed a first amended complaint. (ECF No. 36.) On September 21, 2016, Defendants filed a motion to strike the amended complaint. (ECF No. 37.) On July 26, 2016, Plaintiff filed a motion to extend the discovery and scheduling order. (ECF No. 38.) Defendants filed an opposition to Plaintiff's motion to extend the scheduling order on October 3, 2016. (ECF No. 39.)

On October 11, 2016, Plaintiff filed a second motion to compel and an opposition to Defendants' motion to strike the first amended complaint. (ECF Nos. 40, 41.) On October 19, 2016, Defendants filed a reply to Plaintiff's opposition to the motion to strike the first amended complaint and an opposition to Plaintiff's second motion to compel. (ECF Nos. 42, 43.)

On December 1, 2016, Defendants filed a motion for summary judgment and a request for judicial notice. (ECF No. 47, 48.) Plaintiff filed a motion to stay the motion for summary judgment on December 22, 2016. (ECF No. 49.) Defendants filed an opposition to the motion for summary judgment on January 5, 2017. (ECF No. 50.)

/ / /

/ / /

---

[1] The Court uses the spelling of the defendants' names as set forth in the opposition to the motion to compel and personnel records included within.

## II.

## DISCUSSION

### A.   Legal Standard for Motion to Compel

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve upon another party written interrogatories that relate to any matter that may be inquired into under Rule 26(b)(1) and (2). Fed. R. Civ. P. 33(a). In this instance, the interrogatories must be answered by the party to whom they are directed within forty-five days after being served.[2] Fed. R. Civ. P. 33(b); ECF No. 21. Any objection to the interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(4). A party may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(iii).

Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(B). The party receiving the request has forty-five days in which to respond. Fed. R. Civ. P. 34(b)(2); ECF No. 21. A

---

[2] The Federal Rules provide that a party must answer within thirty days; however the scheduling order issued in this action provided that responses to requests for discovery must be made within forty-five days after the request is served. (ECF No. 21 at 1.)

All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

party may move for an order compelling production where the opposing party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a). The party to which the requests for admission are directed has forty-five days in which to respond or the matters are deemed admitted. Fed. R. Civ. P. 36(a)(3); ECF No. 21. The requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6.)

Discovery is not limited to the issues raised in the pleadings but encompasses any matter that bears on or reasonably could lead to other matter that bears on any issues that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). However, discovery does have ultimate and necessary boundaries. Oppenheimer Fund, Inc., 437 U.S. at 351. Rule 1 of the Federal Rules of Civil Procedure provides that the Federal Rules should be administered to "secure the just, speedy, and inexpensive determination of every action and proceeding."

**B.    Plaintiff's First Motion to Compel**

On July 25, 2016, Plaintiff filed his first motion to compel Defendants to produce documents requested on March 29, 2016. Defendants filed an opposition to the motion on August 19, 2016, contending that the only documents that have not been produced are those for which there is attorney client privilege or Defendants do not have custody, possession, or control.

Plaintiff served a request for production of documents on March 13, 2016 propounding five requests for production. (ECF No. 33 at 10-11.) Defendants agreed to produce responsive documents that were not entitled to protection that were within their possession custody and control for requests for production 1, 2, and 4. Defendants responded they did not have responsive documents for request no. 4 and request no. 5 was vague and ambiguous and further, Defendants did not have custody or control of the files of the Tulare County Sheriff's

Department.

Plaintiff propounded a second request for production of documents on March 29, 2016 propounding 15 requests for production which form the basis of the instant motion. (ECF No. 33 at 99-104.) In response to the second request for production of documents, Defendants responded that responsive documents would be in the custody and control of either the health care provider for the Tulare County Jail or the Tulare County Sheriff's Department.

While Plaintiff does not identify the specific requests that are at issue in this motion, Plaintiff contends that Defendants failed to produce a) eight digital photographs mentioned in Defendant Rodriguez' incident/crime report supplemental follow-up report; b) the investigative report of Lt. Jones mentioned in a grievance response; 3) the video mentioned in a grievance response; and d) any and all documents that have been reviewed by defendants that relate to procedures for extractions. (ECF No. 33 at 4.) Plaintiff moves to compel Defendants to provide supplemental responses to all his requests in the second request for production.

1.  <u>Video and Photographs – Request for Production No. 4</u>

Plaintiff seeks eight digital photos and a video mentioned in a grievance. Defendants respond that they have obtained copies of the video footage and digital photos that were referenced in Plaintiff's motion and these documents have been produced. This would be responsive to Plaintiff's request for production no. 4.

Accordingly, as Defendants have produced the video and photographs, Plaintiff's motion to compel production of these items is denied as moot.

2.  <u>Lt. Jones Investigative Report</u>

Plaintiff seeks the investigative report by Lt. Jones referenced in a grievance response. Defendants contend that the grievance response does not state that Lt. Jones created a report but merely that he investigated the grievance and they are unaware of any such report.

The document to which Plaintiff refers appears to be an inmate grievance response dated 1/27/14 issued by Lt. Jones. (ECF No. 33 at 226.) In response to Plaintiff's grievance, Lt. Jones stated the following:

Inmate Vickers, I am in receipt of your complaint 14-25. In this complaint you

> allege staff has used excessive force against you. In reviewing video and speaking with the staff regarding this incident, I have found that on the day of the incident you failed to comply with the instructions of the staff to go to court. You then attempted to assault the staff. The force used on you this day was that force necessary to subdue you and prevent you from further violently attacking the staff.
>
> Mr Vickers Please follow the instructions of the staff as they give them to you.

(ECF No. 33 at 226.)

Defendants have responded that to their knowledge Lt. Jones did not create an investigative report. Review of the inmate grievance response does not indicate that any investigative report was created by Lt Jones. Plaintiff's request to compel Defendants to produce Lt. Jones investigative report is denied.

3. <u>Documents Related to Procedures for Extractions – Requests for Production No., 5, 6, 7, 8, 9, 10, 11, 14, 15</u>

Plaintiff seeks any and all documents that have been reviewed by defendants that relate to procedures for extractions. Review of Plaintiff' second request for production of documents shows that these documents would be responsive to requests for production nos. 5, 6, 7, 8, 9, 10, 11, 14, 15. Defendants respond that documents that were responsive to these requests were produced. In response to Plaintiff's request for production each defendant has produced his individual training activity log which was responsive to request for production nos. 5-7. (ECF No. 33 at 116-25 (Maldonado), 135-38 (Baillie), 148-51 (Sanchez), 161-62 (Gomez), 171-72 (Murphey), 182-84 (Rodriguez), 194-96 (Heiden)). Additionally, Defendants have produced procedures and policies that apply to the extraction of inmates which were responsive to requests for production nos. 8, 9, 10, 11, 14, and 15. (ECF No. 33 at 85-95, 198-233.)

Defendants contend that all policies and procedures have been produced and despite having the training records, Plaintiff has not identified any policies or procedures that have not been produced. Accordingly, Plaintiff's motion to compel further production of documents that relate to the procedures for extraction is denied.

4. <u>Request for Production No. 1</u>

Plaintiff's request for production no. 1 sought

> Any and all documents that refer or relate to policies, procedures, and practices in

> effect during the aforementioned time frame requested for TCSD medical and mental health staff regarding the examination of its jail's detainees. This request includes but is not limited to all policies, procedures, or practices specific its medical and mental health provider(s).

(ECF No. 33 at 101.)

Defendants responded:

> The responding party does not have any responsive documents. The responding party believes that Corizon, the independent contracting entity which provides medical and mental health services to detainees in the jail, would have responsive documents.

(See, eg., ECF No. 33 at 166.)

"Under Federal Rule of Civil Procedure 34, documents sought in discovery motions must be within the 'possession, custody or control' of the party upon whom the request is served." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). Therefore, Rule 34 does not require the party to have actual possession of responsive documents and a party may be ordered to produce documents that are in the possession of third parties "if that party has the legal right to obtain the document or has control over the entity that has possession of the document." See Soto, 162 F.R.D. at 619 (citing Buckley v. Vidal, 50 F.R.D. 271, 274 (S.D. N.Y. 1970)).

In this instance, Plaintiff is seeking documents related to the policies, procedures, and practices for medical and mental health staff. Defendants, who are deputies with the Tulare County Sheriff's Office, assert that these documents would be in the possession of the health care provider and nothing in the record would demonstrate that these defendants have the legal right to obtain these documents on demand.

Further, to the extent that Plaintiff could seek these documents from the third party, in order to be discoverable in this action, the documents must be relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). This action is proceeding on claims that the defendants used excessive force in extracting Plaintiff from his cell when he refused to leave his cell to go to court. The policies, procedures, and practices of TCSD's medical and mental health staff

regarding the examination of its jail's detainees are not relevant to the cell extraction at issue here. Plaintiff's motion to compel further production of these documents is denied.

### 5. Documents in Possession of Tulare County Sheriff Department

**a. Use of Force Logs and Incident Packages - Request Nos. 2 and 3**

Plaintiff's Request for Production No. 2 seeks "[a]ny and all equipment/use logs for use of force equipment on December 26, 2013, at Tulare County Jail's Bob Wiley facility." (ECF No. 33 at 101.) Defendants responded that they were "not aware of the existence of any such equipment log and [do] not possess any responsive documents. Any responsive documents, if such exist, would be in the possession and control of the Tulare County Sheriff's Department." (See, eg., ECF No. 33 at 110.)

Plaintiff's request for production no. 3 seeks

> Any and all incident packages generated by TCSD relating to interactions with plaintiff on or about December 26, 2013. This document request includes but is not limited to Crime/Incident Report Review Notices, Incident Commander Reviews, Management Reports of Calculated Use of Force, all Supervisor Report Critiques of Use of Force Crime Reports.

(ECF No. 33 at 101.)

Defendants responded

> Responding party objects to this request as duplicative or cumulative. Responsive documents were previously produced in response to Request No. 2 of Plaintiff's First Request for Production of Documents. Responding party is not aware of the existence of any additional responsive documents and does not possess any. Any responsive documents, if such exist, would be in the possession and control of the Tulare County Sheriff's Department.

(See, eg., ECF No. 33 at 110.)

Any use of force logs or incident reports related to the incident that exist would be relevant to Plaintiff's claim that the amount of force used on him on December 26, 2013, was excessive. Since Defendants in this action are being represented by county counsel, the Court is skeptical of Defendants' claim that they are not able to obtain any such documents should they exist. However, Plaintiff's motion to compel further production for requests for production nos. 2 and 3 is denied based upon Defendants' assertion that they do not have the ability to obtain any responsive documents.

8

b. **Complaints Against Defendants – Request Nos. 12 and 13**

Plaintiff's request for production no. 12 seeks

> Any and all formal and informal written complaints (including but not limited to administrative Grievance forms) against any defendant including but not limited to those alleging excessive use of force that occurred in or out of TCSD Detention Division (including all written responses, appeals, reports, investigations, and/or correspondence regarding complaints). The time frame for this discovery request is the time each defendant became employed by TCSD to the present.

(ECF No. 33 at 103.)

Defendants' response to request for production no. 12 states
> Responding party does not possess any responsive documents. Any responsive documents, if such exist would be in the possession and control of the Tulare County Sheriff's Department.

(See, eg., ECF No. 33 at 113.)

Defendant does not specifically address this request in their objection to this motion. However, the Court finds that Plaintiff's request is overbroad and seeks irrelevant information. The complaints regarding the use of excessive force in extracting inmates from their cells would be relevant and proportional to the needs of this action. However, Plaintiff seeks any complaint which encompasses conduct that would clearly be irrelevant to the claims proceeding here. Further, Plaintiff states that the time frame for the discovery request is from the time each defendant became employed by TCSD to the present. The Court finds it appropriate to limit the request from two years prior to the incident at issue in this action to the present.

Based on Defendants' assertion that any responsive documents are in the possession of the Tulare County Sheriff's Department, Plaintiff's motion to compel further responses to request for production no. 12 is denied.

Plaintiff's request for production no. 13 seeks

> Any and all formal and informal written complaints (including by not limited to administrative Grievance forms) against any TCSD Deputy and/or staff, including but not limited to those alleging excessive use of force that happen to so much as even mention the "presence" of any defendant (including all written responses, appeals, reports, investigations, and/or correspondence regarding complaints). The time frame for this discovery request is the time each defendant became employed by the TCSD to the present.

(ECF No. 33 at 104.)

Defendants' response to request for production no. 13 states

> Responding party does not possess any responsive documents. Any responsive documents, if such exist would be in the possession and control of the Tulare County Sheriff's Department.

(See, eg., ECF No. 33 at 114.)

Plaintiff's request for production of all complaints against any TCSD deputy is overbroad and irrelevant to the claims that are proceeding in this action. Plaintiff's request for production no 13 is denied.

  6. <u>Reopening Discovery for Limited Purpose of Third Party Discovery</u>

Given the assertion by Defendants that they do not have the right to obtain the documents requested in Plaintiff's request for production nos. 2, 3, and 12 which have been found to be relevant in this action, the Court finds that it would be appropriate to allow Plaintiff to seek production of any responsive documents from the Tulare County Sheriff's Department. Accordingly, if this action survives Defendants' motion for summary judgment, the Court shall reopen discovery for the limited purpose of allowing Plaintiff to serve a subpoena duces tecum on the Tulare County Sheriff's Department.

  **C. Plaintiff's Second Motion to Compel and Motion to Amend Scheduling Order**

Plaintiff served a set of requests for admission on the defendants on September 6, 2016. On September 18, 2016, Plaintiff served his first set of interrogatories on the defendants. Defendants did not respond to Plaintiff's request on the ground that they were not timely served. (ECF No. 40 at 5-6; ECF No. 43.)

The scheduling order issued on February 5, 2016, provided that "[t]he deadline for the completion of all discovery, including filing all motions to compel discovery, is October 5, 2016." (ECF No. 21 at 2.) Further, the order provided that "[a]bsent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel." (Id.)

Plaintiff served his requests less than one month prior to the close of discovery in this action. There was clearly not enough time to comply with the October 5, 2016 deadline because

Defendants responses would not be due until forty-five days after the requests were served, well after the deadline to conduct discovery had passed.

On September 26, 2016, Plaintiff filed a motion to extend the discovery deadline. (ECF No. 38.) Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The good cause standard under Rule 16 focuses on the movant's diligence in seeking amendment. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). To allow a modification of the scheduling order without good cause would render scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage their dockets and with the standard course of litigation in actions such as this. Johnson, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)).

To demonstrate diligence under Rule 16's "good cause" standard, courts may require the movant "to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order." Morgal v. Maricopa Cty. Bd. of Sup'rs, 284 F.R.D. 452, 460 (D. Ariz. 2012) (internal punctuation and citations omitted).

Plaintiff seeks to amend the scheduling order due to the pending motion to compel filed on July 25, 2016. Also, Plaintiff contends that there were systematic delays in access to the Facility C law library that made him unable to obtain access to the Federal Rules of Civil Procedure to obtain the discovery needed. However, discovery opened in this action on February 5, 2016. (ECF No. 21.) Plaintiff served Defendants with two sets of requests for production of documents, filed two motions to compel, and other miscellaneous motions during the discovery

11

1  period.  Although discovery opened in February and Plaintiff had already had seven months in
2  which to conduct discovery, he did not serve his requests for admissions and interrogatories until
3  there was less than a month remaining in the discovery period.  Plaintiff did not file his request
4  to amend the scheduling order until less than two weeks prior to the discovery deadline; and his
5  motion to compel was not filed until after the deadline had expired.  The Court finds that
6  Plaintiff has not demonstrated that he was diligent in conducting discovery in this action.
7  Therefore, the request to amend the scheduling order and continue the discovery deadline, and
8  Plaintiff's motion to compel responses to his untimely discovery requests are denied.

### D. Defendants' Motion to Strike First Amended Complaint

On July 27, 2016, Plaintiff was granted an extension of the deadline to file an amended complaint.  (ECF No 34.)  Plaintiff's amended complaint was due September 5, 2016.  (Id.)  On September 9, 2016, Plaintiff filed a first amended complaint naming Deputy Ortiz as a defendant in this action.[3]  (ECF No. 36.)

Defendants move to strike the amended complaint on the ground that Plaintiff did not file a timely motion for leave to amend.  Defendants contend that they produced the crime reports on April 22, 2016, which identified the deputies involved in the incident.  Further, Defendants argue that the amended complaint does not contain any allegations specific to Defendant Ortiz.  (ECF No. 37.)  Plaintiff responds that he was fully aware that he was required to seek leave to file an amended complaint.  (ECF No. 41 at 2.)  He argues, however, that the Court has the discretion to treat the lodging of the complaint as a motion for leave to amend.

In this instance, the order amending the scheduling order advised Plaintiff that

> he may not file an amended complaint without leave of Court, and without the opportunity for Defendants to oppose any motion for leave to file an amended complaint.  Pursuant to Federal Rule of Civil Procedure 15(a)(2), because Defendants have filed a responsive pleading, Plaintiff may only amend his complaint with leave of Court.  Therefore, the Court will construe Plaintiff's motion as a motion to extend the deadline to file amended pleadings, and grant Plaintiff an

---

[3] To the extent that Defendants seem to be arguing that the complaint was filed after the deadline to file an amended complaint had passed, Plaintiff's proof of serve indicates that it was mailed on September 1, 2016.  (ECF No. 36.)  The prison mailbox rule applies to the filings of inmates in § 1983 actions.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).  Since the prison mailbox rule applies to Plaintiff's complaint, it is considered filed at the time that he delivered the document to prison authorities to be forwarded to the clerk of the court.  Douglas, 567 F.3d at 1106.  Applying the prison mailbox rule, Plaintiff's first amended complaint was timely filed.

12

> extension of time to September 5, 2016, in which to file a motion for leave to file an amended complaint. Plaintiff is advised that any such motion must be accompanied by a proposed amended complaint.

(ECF No. 34 at 2:26-3:5.) Plaintiff did not file a motion to amend the complaint, although he states in his opposition to the motion to strike that he "is fully aware that Federal Rules of Civil Procedure ("FRCP") 15(a) requires that a Plaintiff obtain either consent or leave of the Court to amend its complaint once defendants has answered." (ECF No. 41 at 2.)

Plaintiff argues that leave to amend shall be liberally granted, however, Plaintiff was granted leave to file a motion to amend the complaint. Here, the issue is that Plaintiff did not comply with the order amending the scheduling order by filing a motion to amend prior to the deadline to file any amendment to the pleadings. Defendants argue that Plaintiff has not demonstrated good cause to file a motion to amend after the deadline to amend the pleadings has past.

As discussed above, modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson</u>, 975 F.2d at 609. This focuses on Plaintiff's diligence in seeking amendment. <u>Jackson</u>, 186 F.R.D. at 607. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic</u>, 302 F.3d at 1087.

Plaintiff was aware as early as April 2016 that he needed to amend the complaint to add a new defendant. In July 2016, Plaintiff filed his motion to amend the scheduling order for additional time. Plaintiff knew that he had to file a motion to amend, but did not do so. Plaintiff has not demonstrated due diligence in complying with the scheduling order.

Plaintiff argues that the Court has the discretion to construe his amended complaint as a motion to amend. In this instance, where the Court expressly set forth the requirement that a motion to amend would be required prior to the deadline to amend the complaint; and Plaintiff concedes that he knew he had to file a motion to amend the complaint, the Court declines to exercise the discretion to construe the amended complaint as a motion to amend. Plaintiff has not demonstrated due diligence to amend the scheduling order to grant him leave to file a motion to amend the complaint.

Finally, under Rule 15 in determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, Defendants argue that Plaintiff has unduly delayed filing the amended complaint. Plaintiff was aware of the need to amend the complaint prior to July 2016 as he had received discovery identifying the new defendant by April 22, 2016. Plaintiff sought an extension of the deadline to file an amended complaint for the same reasons stated in the current motion to amend the scheduling order - there were systematic delays in access to the Facility C law library that made him unable to obtain access to the Federal Rules of Civil Procedure to obtain the discovery needed. Yet, Plaintiff already had the discovery identifying the new defendant in his possession. Further, the amended complaint is virtually identical to the original complaint filed and it appears Plaintiff merely replaced "Sanchez" with "Ortiz." In these circumstances, Plaintiff unduly delayed in filing an amended complaint.

Defendants also argue that they would suffer prejudice from allowing amendment at this stage of the proceedings. At this juncture, all the deadlines set forth in the scheduling order have passed. The deadline to conduct discovery has passed and Plaintiff has already been deposed. Defendants have filed a motion for summary judgment. If the action survives summary judgment it is ready to be set for trial. Based on the Court's experience, allowing Plaintiff to file an amended complaint will delay this action for approximately a year while service is effected on the defendant and since discovery would have to be reopened for the newly named defendant. See Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (within court's discretion to deny motion to amend made on the eve of the discovery deadline which would have required reopening discovery and delaying the proceedings). The Court finds that

granting Plaintiff leave to amend would result in prejudice to Defendants.

Based upon the finding that Plaintiff has not demonstrated due diligence to amend the scheduling order, and that he unduly delayed filing his amended complaint and allowing amendment at this stage in the proceedings would result in prejudice to Defendants, Defendants' motion to strike Plaintiff's first amended complaint is granted.

### E. Plaintiff's Motion to Stay Motion for Summary Judgment

Plaintiff requests a stay of Defendants' motion for summary judgment so that he can obtain the discovery that is subject of the two motions to compel that were pending before the Court at the time the motion for summary judgment was filed. Defendants oppose the motion on the ground that Plaintiff has not met his burden to set forth the specific need for additional discovery as required by Rule 56(d). Additionally, Defendants contend that the information Plaintiff states that he needs is to prove the use of excessive force Defendants and will not create a factual issue since it would be irrelevant as to whether Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Pursuant to Federal Rule of Civil Procedure 56(d) if the nonmoving party "shows by affidavit or declaration, that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any appropriate order." Rule 56(d) requires discovery "where the non-moving party has not had the opportunity to discovery information that is essential to its opposition." Roberts v. McAfee, Inc., 660 F.3d 1156, 1169 (9th Cir. 2011) (citations omitted). The party seeking the continuance "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought after facts are 'essential' to resist the summary judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). In making a Rule 56[d] motion, a party opposing summary judgment, "must make clear what information is sought and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). The party seeking to conduct additional

1  discovery has the burden of setting forth sufficient facts to show that the evidence sought exists.
2  Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

3  Defendants' motion for summary judgment raises a single issue: whether Plaintiff's
4  claims are barred by Heck.  In the motion for summary judgment Defendants argue that
5  Plaintiff's excessive force claim is barred because success on the claim would necessarily
6  invalidate his pleas of no contest.

7  Plaintiff contends that he needs responses to requests for production of documents,
8  interrogatories, and admissions to oppose Defendants' motion for summary judgment.  However,
9  the discovery sought by Plaintiff goes to the merits of his excessive force claim, which is not at
10 issue in Defendants' motion for summary judgment.  The only issue to be decided will be
11 whether Plaintiff's success on the excessive force claim "would necessarily demonstrate the
12 invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).
13 Since the discovery Plaintiff seeks to obtain in the Rule 56(d) motion is irrelevant to the issue to
14 be decided in Defendants' motion for summary judgment, Plaintiff's motion for a stay of the
15 motion for summary judgment is denied.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to compel (ECF No. 33), filed July 25, 2016, is DENIED;
2. Plaintiff's motion to compel (ECF No. 40), filed October 11, 2016, is DENIED;
3. Plaintiff's motion to amend the scheduling order (ECF No. 38), filed September 26, 2016, is DENIED;
4. Defendants' motion to strike Plaintiff's first amended complaint (ECF No. 37) is GRANTED and Plaintiff's first amended complaint (ECF No. 36) is STRICKEN FROM THE RECORD;
5. Plaintiff's motion to stay Defendants' motion for summary judgment (ECF No. 49) is DENIED; and
6. Plaintiff shall file an opposition to the motion for summary judgment within

thirty days from the date of service of this order; and

7. If Plaintiff fails to file an opposition to the motion for summary judgment is compliance with this order, Defendants' motion for summary judgment shall be deemed unopposed.

IT IS SO ORDERED.

Dated: **March 3, 2017**

UNITED STATES MAGISTRATE JUDGE