# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS, <br><br> Plaintiff, <br><br> v. <br><br> MALDONADO, et al., <br><br> Defendants. | No. 1:14-cv-02039-SAB (PC) <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT <br><br> (ECF No. 47) |

Plaintiff Jeremiah D. Vickers is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims of excessive force in violation of the Fourteenth Amendment against Sgt. Maldonado, Deputy Baillie, Deputy Sanchez, Deputy Gomez, Deputy Murphey, Deputy Heiden, and Deputy Rodriguez.[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 6, 20.)

Currently before the Court is Defendants' motion for summary judgment, filed on December 1, 2016 (ECF No. 47.)

## I.
## RELEVANT HISTORY

This matter proceeds on Plaintiff's original complaint, filed on December 22, 2014. (ECF No. 1.) On February 1, 2016, Defendants filed an answer to the complaint. (ECF No. 19.) On February 5,

---

[1] The Court uses the spelling of Defendants' names as set forth in their motion for summary judgment.

1

2016 the discovery and scheduling order issued. (ECF No. 21.) On July 27, 2016, the scheduling order was amended to extend the deadline to file amendments to the complaint. (ECF No. 34.)

On September 9, 2016, Plaintiff filed a first amended complaint. (ECF No. 36.) On September 21, 2016, Defendants filed a motion to strike the amended complaint. (ECF No. 37.)

On July 26, 2016, Plaintiff filed a motion to extend the discovery and scheduling order. (ECF No. 38.) Defendants filed an opposition to Plaintiff's motion to extend the scheduling order on October 3, 2016. (ECF No. 39.)

On October 11, 2016, Plaintiff filed an opposition to Defendants' motion to strike the first amended complaint. (ECF No. 41.) On October 19, 2016, Defendants filed a reply to Plaintiff's opposition to the motion to strike the first amended complaint. (ECF No. 42.)

On December 1, 2016, Defendants filed the subject motion for summary judgement. (ECF No. 47). Defendants also filed a request for judicial notice. (ECF No. 48.) Plaintiff filed a motion to stay the motion for summary judgment on December 22, 2016. (ECF No. 49.) Defendants filed an opposition to Plaintiff's motion to stay the motion for summary judgment on January 5, 2017. (ECF No. 50.)

On March 3, 2017, the Court issued an order (1) denying Plaintiff's September 26, 2016 motion to amend the discovery and scheduling order; (2) granting Defendants' motion to strike Plaintiff's first amended complaint, and striking the first amended complaint from the record; and (3) denying Plaintiff's motion to stay Defendants' motion for summary judgment. (ECF No. 52.) Plaintiff was ordered to file an opposition to Defendants' motion for summary judgment within thirty days of the date of service of that order. Plaintiff was warned that if he did not file an opposition in compliance with that order, then Defendants' motion for summary judgment would be deemed unopposed. (Id. at p. 17.)

More than thirty days have passed since Plaintiff was ordered to file an opposition to Defendants' motion for summary judgment, and no opposition was filed. No reply brief has been filed by Defendants.

Defendant's motion for summary judgment is now deemed submitted for review, unopposed and without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

## III.

## DISCUSSION

### A. Summary of Plaintiff's Complaint

At the time of the events, Plaintiff was a pretrial detainee who had been found incompetent by the court and was undergoing treatment for his mental health issues. Plaintiff alleges that after he calmly refused orders to cuff up, he was dragged from his cell by the Defendant deputies and beaten savagely, resulting in two black eyes and multiple bloody wounds. Plaintiff alleges that although he

was never resistant, the beating continued after he was restrained and Defendant Maldonado, who was standing by watching the entire time, informed other inmates nearby, "All you guys take a look. This is what happens when you refuse court. Take a good look." (Doc. 1, Comp., ¶20.) During the beating, Defendant Maldonado also made comments such as, "See, this is what fucking happens when you try and refuse court on my watch." (Id. at ¶15.)

### B. Motion for Summary Judgment

Defendants raise two arguments in support of their motion for summary judgment. First, Defendants assert that Plaintiff's excessive force claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994), because success on those claims would necessarily invalidate certain of his criminal convictions. Second, Defendants assert that Defendant Sanchez must be dismissed from this action because it is undisputed that he was not present during the events in question. The Court examines each argument in turn.

#### 1. Defendants' Request for Judicial Notice

In support of their Heck-bar argument, and pursuant to Federal Rule of Evidence 201, Defendants request for the Court to take judicial notice of certain facts. Specifically, Defendants seek for the Court to take notice of the fact that on August 21, 2014, Plaintiff pled guilty to two criminal counts under California Penal Code § 69 (resisting an officer by threat or violence) and two criminal counts under California Penal Code § 148(a)(1) (resisting, delaying, or obstructing an officer) in connection with the December 26, 2013 incident referenced in Plaintiff's complaint. A copy of the criminal complaint and various minute orders from People v. Vickers, Case No. VCF295906 (Tulare County Superior Court) is attached as Exhibit "1" to the request for judicial notice. Also, a copy of the transcript from the August 21, 2014 change of plea and sentencing hearing from People v. Vickers is attached as Exhibit "2" to the request for judicial notice.

In pertinent part, the colloquy during the August 21, 2014 change of plea and sentencing hearing in People v. Vickers was as follows:

> THE COURT: What is your plea to the charge that on or about December 26, 2013, you violated Penal Code Section 69 as a misdemeanor, in that you willfully, unlawfully attempted by means of threats and violence to deter and prevent Officer Murphy who was then and there an executive officer from performing his or her duty, what is your plea?

4

| | |
|---|---|
| 1 | THE DEFENDANT: No contest. |
| 2 | THE COURT: I am sorry, sir, I didn't hear you. |
| 3 | THE DEFENDANT: No contest. |
| 4 | |
| 5 | THE COURT: Count 2, it is alleged on or about December 26th, you committed violation of Penal Code Section 69 as previously described as a misdemeanor on Officer Bailey, what is your plea? |
| 6 | |
| 7 | THE DEFENDANT: No contest. |
| 8 | THE COURT: In Counts 3, 4, and 5, it is alleged you violated Penal Code Sections 148 and that you resisted, obstructed or delayed officers, peace officers, to wit, Gomez and Rodriguez. |
| 9 | |
| 10 | Count 3 I am going to dismiss. |
| 11 | |
| 12 | What is your plea to those 2 counts of 148, misdemeanors? |
| 13 | THE DEFENDANT: No contest. … |
| 14 | THE COURT: Court accepts the defendant's no contest pleas. Court finds the defendant has made a knowing, voluntary, express and explicit and understanding waiver of his constitutional rights. |
| 15 | |
| 16 | Court further finds the defendant's pleas and admissions are freely and voluntarily made with an understanding of the nature and consequences therein. |
| 17 | |
| 18 | The court finds there is a factual basis for the pleas. Court accepts the defendant's pleas and he is convicted therein. |
| 19 | |

(ECF No. 48-2, pp. 15-17.)

The Court may take judicial notice of court records. <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc</u>., 971 F.2d 244, 248 (9th Cir. 1992). Defendants' unopposed request for judicial notice will be granted.

    2.     <u>Undisputed and Disputed Material Facts</u>

1. At all times relevant to this case, Plaintiff was an inmate in the custody of the Tulare County Jail.

2. At all times relevant to this case, Defendants were Deputy Sheriffs and a Sergeant working in the Corrections Division and assigned to the Bob Wiley Detention Facility in the County of Tulare.

3. On December 26, 2013, while on duty, Defendants responded to Plaintiff's cell after he refused to place his hands into the food port to be cuffed at the requests of Defendants Heiden and Rodriguez. Plaintiff was to be transported to Court by the Defendants for his court hearing on that date.

4. Plaintiff states that his only response to Defendants requests to cuff up were non-verbal shakes of his head. He states that he never said anything to the Defendants during the incident.

5. Defendants opened Plaintiff's cell door and a struggle ensued outside of his cell.

6. Defendants used physical force during the struggle and Plaintiff was eventually pinned to the ground in a prone position.

7. The struggle ended when Plaintiff had each of his arms placed into hand cuffs while pinned on the ground.

8. Once on his feet and carrying his own weight, Plaintiff was escorted to the nurse's station without further incident

9. The force used on Plaintiff on December 26, 2016, by the Defendants, occurred during the struggle.

10. Plaintiff claims that he offered no physical resistance and did not raise his fists at Defendants during the incident.

11. Plaintiff claims that the Defendants had no right to utilize any force on him during the incident.

12. Plaintiff denies ever using any violence or threats toward any Defendants throughout the incident.

13. Plaintiff admits that Defendant Sanchez was wrongfully named and not involved in the incident. In addition, Defendant Sanchez was not present at the Tulare County Jail on December 26, 2013.

14. Based on the December 26, 2013 incident, Plaintiff pled no contest in Tulare County Superior Court to violations of California Penal Code Section 69 for obstructing Defendants Baillie and Murphey with threats or violence and consequently was sentenced to an additional year in prison.

15. Based on the December 26, 2013 incident, Plaintiff pled no contest in Tulare County Superior Court to violations of California Penal Code Section 148(a) for obstructing Defendants Gomez and Rodriguez and consequently was sentenced to an additional year in prison.

16. Plaintiff denies and Defendants assert in their Crime Reports that Plaintiff swung his left fist at Deputy Baillie just before swinging and making contact with Deputy Murphey's face.

17. There is no evidence that Plaintiff's no contest plea under Penal Code sections 69 and 148(a) were invalidated through a direct appeal, expunged by executive order, or by the issuance of a writ of habeas corpus prior to filing the operative complaint in this case.

        3.        Heck Preclusion Doctrine Argument

As noted above, Plaintiff pleaded no contest to charges under California Penal Code § 69 and § 148(a)(1) in connection with the December 26, 2013 incident he complains of in this action. Plaintiff was sentenced to an additional year of imprisonment based on these convictions, in combination with other charges, by the Tulare County Superior Court. Further, Plaintiff has not shown that these convictions have been invalidated or expunged.

Defendants argue that because Plaintiff alleges in this action that during the December 26, 2013 incident, he did not resist in any manner, nor use any force or violence on any of Defendants, his version of events is inconsistent with the above convictions. Therefore, Defendants assert, Plaintiff's excessive force claim is barred under Heck, because success in this civil rights action would necessarily invalidate his no-contest pleas for his criminal convictions.

    **a.**    **Legal Standards**

In Heck v. Humphrey, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87 (footnote omitted). The Court also stated in Heck, however, that "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. at 487.

///

Subsequently to Heck, the Ninth Circuit has held that "under certain circumstances a plaintiff's § 1983 claim is not Heck-barred despite the existence of an outstanding criminal conviction against him." Jackson v. Barnes, 749 F.3d 755, 759–60 (9th Cir. 2014). See also Lockett v. Ericson, 656 F.3d 892, 896–97 (9th Cir. 2011) (plaintiff who pled nolo contendre to reckless driving was not Heck-barred from bringing a § 1983 claim based on an alleged unlawful search because the outcome of the claim had no bearing on the validity of the plaintiff's plea); Smith v. City of Hemet, 394 F.3d 689, 693 (9th Cir. 2005) (en banc) (plaintiff convicted of resisting arrest could bring a § 1983 action for excessive use of force if the excessive force was employed against him after he had engaged in the conduct that constituted the basis for his conviction, because in such a case success on his § 1983 action would not imply the invalidity of the conviction). Consequently, "the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." City of Hemet, 394 F.3d at 695 (quoting Heck, 512 U.S. at 487).

**b. Analysis**

Defendants assert that if any of them used excessive force during the December 26, 2013 events as Plaintiff alleges, then Plaintiff could not have been convicted for multiple violations of California Penal Code §§ 69 and 148(a)(1). California Penal Code § 69 penalizes any person "who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty." Cal. Penal Code § 69. California Penal Code § 148(a)(1) is violated when an individual resists, delays, or obstructs the officer in the lawful performance of his or her duty. Cal. Penal Code § 148(a)(1).

The lawfulness of an officer's conduct is an essential element of the offense under § 148(a)(1). Hooper v. County of San Diego, 629 F.3d 1127, 1130 (9th Cir. 2011) (citing People v. Curtis, 70 Cal. 2d 347, 354-56, 357, 74 Cal. Rptr. 713, 450 P.2d 33 (1969)). Nevertheless, "it is sufficient for a valid conviction under § 148(a)(1) that at some time during a 'continuous [chain of events or] transaction' an individual resisted, delayed, or obstructed an officer when the officer was acting lawfully." In other words, a plaintiff may bring a claim regarding the unlawful use of force by an officer so long as at some time during the events the individual also resisted, delayed, or obstructed the officer while the

officer was acting lawfully, without undermining the § 148(a)(1) conviction and implicating Heck. Further, Plaintiff's convictions under § 69 requires that he either attempted by threats or violence to deter or prevent an officer for performing a lawful duty, or resisted by force or violence an officer in the performance of his or her duty. See Campbell v. Jenkins, Case No. 14-cv-2837-WVG, 2016 WL 1600168, at *12 (S.D. Cal. Apr. 21, 2016) (citing People v. Lopez, 129 Cal. App. 4th 1508, 1530 (6th Dist. 2005); People v. Rasmussen, 189 Cal. App. 4h 1411, 1419 (1st Dist. 2010)). Thus, whether Plaintiff's excessive force claims in this case would necessarily imply the invalidity of his convictions or sentence is a very fact-specific inquiry.

The records Defendants have provided from Plaintiff's criminal case do not explain the specific factual basis for Plaintiff's no contest pleas and his convictions. However, the record is clear that Plaintiff was convicted of two counts of violating § 148(a)(1) for resisting, obstructing, or delaying Defendants Gomez and Rodriguez, and two counts of violating § 69 for willfully, unlawfully attempting by means of threats or violence to deter or prevent Defendants Murphy and Baillie from performing their duties. Thus, although the factual basis that the Tulare County Court found sufficient for the no contest pleas here is not known, this Court can infer that Plaintiff was convicted of multiple instances of resistance, obstruction, or delaying multiple officers in their lawful duties during the December 26, 2013 altercation.

Turning to the factual nature forming the basis of Plaintiff's excessive force claims in this case, Plaintiff has alleged that on two to three instances he was ordered to cuff up by one or more of the Defendant officers, and he either remained silent, or shook his head in response, and did not comply. (ECF No. 1, pp. 4, 7; Pl.'s Depo at 31:1-32:9, 35:3-36:19.) Plaintiff next alleges that the Defendants agreed to assault him and opened his cell door, upon which Plaintiff "brace[d]" himself by putting his chin to his chest and tucking his arms around his stomach. (ECF No. 1, pp. 4, 7; Pl.'s Depo at 37:7-41:23.) Plaintiff was then allegedly pulled out of his cell, thrown to the ground, brutally beaten, and repeatedly Tasered. (ECF No. 1, pp. 4-5, 8; Pl.'s Depo at 41:15-43:9, 45:11-46:2, 46:16-25, 48:9-50:14.) Once the beating was over, Plaintiff was taken to the nurse's station. (ECF No. 1, p. 9; Pl.'s Depo. at 57:5-59:9.)

///

At his deposition, Plaintiff was repeatedly asked whether he resisted, threatened or otherwise deterred Defendants during the incident, beyond his initial, non-verbal refusals to cuff up before his cell door was open, and he repeatedly denied doing so. For example, Plaintiff was asked, and answered as follows:

> Q. At any point? When you were on the ground did you tell them anything?
> A. No.
> …
> Q. Okay. So did you do anything before the door opened?
> A. No.
> Q. Were you preparing yourself in any way if you thought they were coming in?
> A. No.
> …
> Q. Okay. And did you move out towards them at all, or were you physically pulled out of the cell?
> A. I was hit and pulled, hit in my head with the baton and pulled out.
> …
> Q. That's fine. You don't need to if you don't remember exactly off the top of your head. So your head's down. Your arms are down by your stomach. Did you lean forward at all like towards them, or did they just pull you out?
> I guess what I'm just trying to get at, when they pulled you out, did you resist them trying to get away, or were they able to just kind of pull your weight out? Were you resisting in any way when they pulled you out?
> A. I got this belief, sincere hell [sic] belief because I grew up in jail, right, that you don't resist. When the police attack you, you just go with the flow, and it will end quicker and hopefully you'll be less hurt if that happens. I've never been -- found myself in that position because I try to avoid them. Right? I try to avoid even coming close to that position. I know for a fact I didn't resist.
> …
> Q. Okay. So when the door opened did you resist at any point the officers when they pulled you out?
> A. No.
> Q. Okay. Did they give you any instructions when they pulled you out?
> A. No.
> Q. Okay. Did you fail to comply with any instruction of an officer after the door opened?
> A. No.
> Q. Did you physically resist the attempts of an officer at any point after the door opened?
> A. (Witness shakes head from side to side.)
> …
> Q. Did you have any opportunity to hit any of the officers or strike them in any way?
> A. No.
> Q. Do you recall feeling your hand hitting anyone?
> A. It did not.
> Q. So your hand did not hit any of the officers during that altercation?
> A. I felt the grips on my arm and my hand and then the pressure on them.

> Q. So did you ever have the opportunity to try to hit back or assault one of the officers during the altercation?
> A. No. I wouldn't if I did.
> …
> Q. Like did someone have your arm? Did they have you pinned down? You know, when you first went to the ground, what made you stay there on the ground?
> A. Yes, I was.
> Q. Do you recall which parts of your body were restrained?
> A. All of them.
> Q. So both legs? Both arms?
> A. Yes.
> Q. Okay. Did you resist that restraint at all?
> A. No.
> Q. So at no point while you were on the ground you moved or resisted?
> A. No.
> Q. What did you do with your arms and legs while you were on the ground?
> A. I couldn't do anything with them.
> Q. So you just laid there?
> A. Yes.

(Pl.'s Depo at 35:12-14, 39:5-10, 42:24-43:2, 43:11-44:2, 46:3-15, 47:15-48:8.)

Plaintiff's theory in this case, that he only non-verbally refused to follow orders to cuff-up two or three times, but otherwise did not resist, fail to follow orders, or use any threats or violence in any way during the December 26, 2013 incident, is inconsistent with this two convictions under § 148(a)(1) and two convictions under § 69 for the same incident. As Plaintiff is the non-moving party, the Court must assume that Plaintiff's version of events is true. Further, given the lack of a specific factual basis for Plaintiff's no contest pleas and convictions, and Defendants' burden to show that Plaintiff's claims are barred by <u>Heck</u>, the Court must give Plaintiff the benefit of a liberal interpretation of the application of his version of events to his convictions. In doing so, the Court finds it possible that Plaintiff's convictions under § 148(a)(1) for resisting, obstructing or delaying Defendants Gomez and Rodriguez in the performance of their lawful duties. These convictions may theoretically have been based on his non-verbal refusals to cuff-up, as there is some ambiguity in the record regarding how many times Plaintiff refused to do so, and which officers were giving the orders.

However, even under the most liberal interpretation, Plaintiff's version of events provides no factual basis for his two convictions under § 69 for attempting to deter or resisting Defendants Murphey and Baillie through threats or violence. Instead, Plaintiff has clearly alleged that he posed no

11

threat to Defendants in any way, nor did he resist physically or even verbally. To the extent that a plaintiff's section 1983 claim alleges that he offered no resistance, that he posed no reasonable threat of obstruction to the officers, and that the officers had no justification to employ any force against him, that claim is inconsistent with his conviction for resisting the officers and is barred under Heck. Yount v. City of Sacramento, 43 Cal. 4th 885, 898, 183 P.3d 471, 481 (2008) (citing Thore v. Howe, 466 F.3d 173, 180 (1st Cir. 2006)); Hooper v. Cty. of San Diego, 629 F.3d 1127, 1131–32 (9th Cir. 2011) (same) (quoting Yount, 43 Cal. 4th at 898, 901). See also McCann v. Neilsen, 466 F.3d 619, 621 (7th Cir. 2006) ("[A] plaintiff's claim is Heck-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction.")

That Plaintiff's theory of liability for his excessive force claims only necessarily undermines a portion of his convictions does not allow him to proceed here, as the events at issue here involve one continuous incident and his convictions arise out of the same facts. "Otherwise, a section 1983 plaintiff could routinely circumvent the Heck bar through artful pleading—e.g., by filing suit against fewer than all of the potential defendants or by defining the civil cause of action to encompass fewer than all of the criminal acts of resistance (and the police response thereto) involved in the incident." Yount, 43 Cal. 4th at 896. This outcome would further contravene the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Heck, 512 U.S. at 484.

For these reasons, Plaintiff's § 1983 claims against Defendants should be dismissed as barred by Heck, and summary judgment should be granted in their favor.

    4.    <u>Defendant Sanchez</u>

Defendants also argue that Defendant Sanchez should be dismissed from this action because Plaintiff has admitted he was not present at the December 26, 2013 incident, should not have been named as a defendant, and he is not interested in pursuing any claim against him. (Pl.'s Depo. at 81:11-22.)

To state a claim, a plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.

Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). The Court agrees that because Plaintiff has failed to allege any acts or omissions by Defendant Sanchez which violated his federal rights, summary judgment should be granted in Defendant Sanchez's favor, and he should be dismissed from this action.

## IV.

## CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Defendants request for judicial notice, filed December 1, 2016 (ECF No. 48), is GRANTED;

2. Defendants' motion for summary judgment, filed December 1, 2016 (ECF No. 47) is GRANTED; and

3. The Clerk of the Court is directed to enter judgment in Defendants' favor, terminate any pending motions and deadlines, and close this case.

IT IS SO ORDERED.

Dated: **June 8, 2017**

UNITED STATES MAGISTRATE JUDGE